IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:20-CR-115-FL

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.          )<br>)<br>)<br>PATRICK J. FEDAK,          )<br>    Defendant.          ) | ORDER |

This matter is before the court on the following motions filed by Defendant Patrick J. Fedak ("Fedak"):

    1.    Motion for Early Release of *Jencks* Material and Grand Jury Transcripts [DE #20];

    2.    Motion to Preserve Evidence [DE #21];

    3.    Motion to Reveal Concessions or Deals, Criminal Record of Government Witnesses, and Information about Previous Testimony [DE #22];

    4.    Motion to Sequester Government Witnesses [DE #23]; and

    5.    Motion for Leave to File Further Pretrial Motions [DE #24].

The Government has responded to Defendant's motions. (Gov't Resp. [DE #25].) The motions were referred to the undersigned for decision by United States District Judge Louise W. Flanagan.

## BACKGROUND

On December 2, 2020, Fedak was named in a two-count indictment charging him with theft of government property in violation of 18 U.S.C. § 641 (Count One)

and possession of stolen firearms in violation of 18 U.S.C. § 922(j) (Count Two). Arraignment is set for April 16, 2021, in Wilmington before United States Magistrate Judge Robert B. Jones, Jr. Before the court are a number of pretrial motions filed by Defendant on March 15, 2021.

## DISCUSSION

### I. Request for Early Jencks Materials

Defendant requests early disclosure of Jencks Act materials. Defendant acknowledges that Fourth Circuit precedent prohibits this court from granting his request but nevertheless argues that this court should order the Government to provide Jencks material fifteen days before trial. (Mot. Early Jencks Materials [DE #20] at 1–2.) The Government is obligated to disclose witness statements in its possession *after* a witness has completed his testimony on direct examination. 18 U.S.C. § 3500. As such, this motion is premature. Moreover, the Government states in its response that, consistent with local custom in this district, it will disclose any Jencks material before trial. Therefore, the motion is DENIED.

### II. Request to Preserve Evidence

Defendant requests an order directing the Government to preserve evidence that it is constitutionally and statutorily obligated to disclose and requiring the Government to preserve notes of agents who may appear as witnesses or who interviewed potential witnesses. (Mot. Preserve Evid. [DE #21] at 1.) Defendant specifically requests the court to direct government law enforcement officers "who investigated the charges in this and related cases to retain and preserve all rough

2

notes taken as part of the investigation notwithstanding whether or not the contents of the said notes are incorporated in official records" so the court can determine if these notes must be disclosed under *Brady v. Maryland*, 373 U.S. 83 (1963) or the Jencks Act. (*Id.* at 2.)

The Government contends it will continue to meet its obligations to provide material subject to constitutional and statutory disclosure. It further contends that it is not obligated to preserve rough notes of its agents. (Gov't Resp. at 4.)

The Jencks Act does not generally require the production of rough notes of law enforcement agents where the notes are later incorporated into a formal statement or report. *United States v. Hinton*, 719 F.2d 711, 722 (4th Cir. 1983). However, an agent's notes may be subject to production as a "statement" under the Jencks Act if a witness reads and adopts the notes. *United States v. Roseboro*, 87 F.3d 642, 645 (4th Cir. 1996). In that event, production would be required after the witness testified. 18 U.S.C. § 3500(b); Fed. R. Crim. P. 26.2(a). Again, Defendant's motion is premature as no witness has testified at trial.

Nevertheless, a need for such notes could arise at trial. *See United States v. Gordon*, No. 7:14-CR-41-1FL, 2014 WL 5489364, at *2-3 (E.D.N.C. Oct. 30, 2014); *see also United States v. King*, 121 F.R.D. 277, 279 (E.D.N.C. 1988) (noting preservation warranted because notes may contain exculpatory or impeachment evidence the disclosure of which is required). Accordingly, Defendant's motion to preserve rough notes of government agents is GRANTED and the government is ORDERED to retain

the rough notes of its agents in this matter until after the exhaustion of all appeal rights.

## III. Request to Reveal Concessions or Deals

Defendant moves the court to order disclosure of any evidence involving deals, arrangements, or inducements between law enforcement officers and witnesses; information regarding the criminal records of witnesses; information regarding prior testimony of witnesses; and information regarding any "concessions" to victims. (Mot. Reveal [DE #22] at 1–2.) Such information, if it exists, would be subject to the Government's duty to disclose under *Brady*, *Giglio*, and the Jencks Act. The Government asserts that it is aware of its obligation to provide such material and will do so sufficiently in advance of trial. Because the matter is not set for trial, Defendant's motion is premature. The motion is therefore DENIED.

## IV. Request to Sequester Witnesses

Defendant seeks an order excluding all Government witnesses from the courtroom during the examination of other witnesses. (Mot. Sequester [DE #23].) "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony." Fed. R. Evid. 615. Furthermore, "[e]ach witness is prohibited from discussing previous trial testimony with any other witness who has yet to testify at trial." *United States v. McCall*, No. 5:12-CR-351-10F, 2013 WL 2382306, at *1 (E.D.N.C. May 30, 2013) (citing *United States v. Rhynes*, 218 F.3d 310, 317 (4th Cir. 2000)). Pursuant to the rule, the Government may exempt from sequestration one investigative agent involved in the criminal prosecution. *See* Fed.

R. Evid. 615(b) (exempting from exclusion "an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney"). "Under this exception [to Rule 615], the district court may allow the government's chief investigating agent to remain in the courtroom throughout the proceedings, even if he is expected to testify." *United States v. Farnham*, 791 F.2d 331, 334 (4th Cir. 1986).

The government does not oppose a sequestration order but requests a reciprocal order applying to Defendant's witnesses. Accordingly, Defendant's motion to sequester witnesses is GRANTED, and the Government's request for a sequestration order applying to Defendant's witnesses is GRANTED. The court orders sequestration of all testifying witnesses with the exception that the following shall be permitted to remain in the courtroom during any trial of this matter: (i) one case agent designated by the United States; (ii) Defendant Fedak; and (iii) such other witnesses as the court may determine are essential to the presentation of a party's claim or defense. All witnesses shall be prohibited from revealing any trial testimony to a witness that has not yet testified.

## V. Request for Leave to File Further Pretrial Motions

Defendant requests "leave to file further pretrial motions as necessary in this matter." (Mot. Leave File Further Pretrial Mots. [DE #24].) The Government opposes this request to the extent it seeks an extension of time under Fed. R. Crim. P. 12(b)(3) but does not oppose the court setting a more specific deadline for motions in limine. (Gov't Resp. at 5–6.)

Defendant has not made a request for leave to file any particular motion. The Federal Criminal Rules of Procedure, this court's Local Criminal Rules, and the court's previously entered scheduling order continue to apply in this matter. Should Defendant wish to file a motion that would be untimely under the aforementioned authorities, he can at that time file a motion for leave to file that particular motion out of time, explaining why he believes good cause exists for him to do so. *See* Local Criminal Rule 12.1 (E.D.N.C. Dec. 2019). Accordingly, Defendant's motion [DE #24] is DENIED.

## **CONCLUSION**

For the foregoing reasons, the court enters the following orders:

1. Defendant's Motion for Early Release of *Jencks* Material and Grand Jury Transcripts [DE #20] is DENIED;

2. Defendant's Motion to Preserve Evidence [DE #21] is GRANTED on the terms set forth above;

3. Defendant's Motion to Reveal Concessions or Deals, Criminal Record of Government Witnesses, and Information about Previous Testimony [DE #22] is DENIED;

4. Defendant's Motion to Sequester Government Witnesses [DE #23] and the Government's request for reciprocal sequestration are GRANTED on the terms set forth above; and

5. Defendant's Motion for Leave to File Further Pretrial Motions [DE #24] is DENIED.

This 7th day of April 2021.

*Kimberly A. Swank*
KIMBERLY A. SWANK
United States Magistrate Judge

6

Case 4:20-cr-00115-FL   Document 26   Filed 04/08/21   Page 6 of 6