# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION
### NO: 4:20-CR-115-1FL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **DEFENDANT'S REQUEST** |
| | ) | **FOR JURY INSTRUCTIONS** |
| PATRICK J. FEDAK, | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pursuant to Local Criminal Rule 30.1, defendant by and through his undersigned attorney, hereby respectfully requests, in addition to those routinely given in a criminal case, the Court to instruct the jury on the following matters. In addition, the defendant requests leave to amend the submitted instructions or offer such additional instructions as may become appropriate during the course of the trial.

## TABLE OF CONTENTS

**DEFENDANT'S PROPOSED JURY INSTRUCTIONS**                    **PAGE #**

**I. General.**

    **A. Preliminary**

No. 1 - Preliminary instructions before trial – Province of the Court and of the Jury....................................................................................5

No. 2 - Instruction not to Discuss....................................................10

No. 3 - Note-taking by Jurors..........................................................11

No. 4 - Introducing Opening Statements........................................12

    **B. Final Instructions**

No. 5 - Verdict-Election of Foreperson-Duty to Deliberate-Unanimity Communication with the Court........................................................13

No. 6 - The Government as a Party..................................................15

1

No. 7 - Each Element must be established Beyond a Reasonable Doubt..........................16

No. 8 - Presumption of Innocence, Burden of Proof, Reasonable Doubt.........................17

No. 9 - Objections and Rulings...................................................................................18

No. 10 - Witness with Interest in Outcome...................................................................19

No. 11. Missing Witnesses........................................................................................20

No. 12 - Expert Testimony........................................................................................21

No. 13 - Standard Limiting Instructions......................................................................22

No. 14 - Defendant's Election not to Testify or put on evidence.....................................23

No. 15 - Defendant's Testimony: Impeachment by Prior Conviction..............................24

No. 16 - Judge Questions Witness(es)........................................................................25

Definitions: No. 17A - "Knowingly"…………………....................................26
                 No. 17B - "Willfully"…………………....................................27
                 No. 17C - "Reasonable doubt"....................................28

## II. CASE SPECIFIC - General.

No. 18 - Bias and Hostility.......................................................................................29

No. 19 - Credibility of OrdinaryWitness.....................................................................30

No. 20 - Law Enforcement Witness............................................................................32

No. 21 - Caution – Consider only Crime Charged........................................................ 33

No. 22 - The Indictment Not Evidence.......................................................................34

2

**III. CASE SPECIFIC – Counts.**

No. 23 – Stealing of Government Property…………..…………………………..………35

No. 24 – Possession of Stolen Firearm………………………..........................................38

No. 25 – Consider Each Count Separately………………………......................................41

**E. Count Four: 18 U.S.C. § 922(j)**

No. 26 – The Verdict………………..………………...……………………………42

No. 27 – Concluding Final Instruction/Sending the Jury to Deliberate...........................43

Respectfully submitted this 14th day of June 2021.

**GREENE, CROW & SMITH, P.A.**

/s/ Guy Smith
GUY D. SMITH
Attorney for Defendant
PO Box 1676
New Bern, NC 28563
(252)634-9400
(252)634-3464 (Fax)
NC Bar No.: 53352
**Retained**

3

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that I this day have served a copy of this pleading upon the other

parties to this action electronically as indicated to counsel for said parties, this 14th day of

June 2021.

Barbara Kocher, AUSA (via CM/ECF)

**GREENE, CROW & SMITH, P.A.**

/s/ Guy Smith
GUY D. SMITH
Attorney for Defendant
PO Box 1676
New Bern, NC 28563
(252)634-9400
(252)634-3464 (Fax)
NC Bar No.: 53352
**Retained**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1
## PRELIMINARY INSTRUCTION BEFORE TRIAL – PROVINCE
## OF THE COURT AND OF THE JURY

Ladies and gentlemen, you have been chosen and sworn as the jury in this case. Before we begin the trial, I will take a few minutes to instruct you on your duties as jurors in general and about this case in particular.

During the trial I may also instruct you from time to time. At the end of the trial, I will give you more detailed instructions.

As in all federal criminal cases, this case has been brought by the United States government. During the trial, you may hear the United States referred to as "the government" or as "the prosecution." You may hear the individual handling this case for the United States, Barbara Kocher, referred to as "the Assistant U.S. Attorney," or simply as "The AUSA."

Another party in this case is the defendant, Patrick J. Fedak. Mr. Fedak is represented by Guy D. Smith.

The defendant has been charged by the United States in a formal document known as a "bill of indictment" or simply as an "indictment." The indictment is no more than a formal charge; it is not itself evidence of guilt.

This defendant stands before you today with a presumption of innocence, that is, he is presumed innocent until proven guilty. This means, as in every criminal case, that the burden is on the government to prove this defendant's guilt beyond a reasonable doubt.

As you may know, this is U.S. District Court for the Eastern District of North Carolina. As the presiding judge--and sometimes the lawyers may refer to me as "the

Court"--it is my responsibility to act as a sort of referee. This includes ruling on legal issues and instructing you on the law which applies to this case.

It is your responsibility to consider all the evidence fairly and impartially, to follow the instructions I give, and--at the end of the trial--to do your best to reach a unanimous verdict.

The next step in the trial will be what we call "opening statements." In their opening statements, lawyers for the government and the defendant have an opportunity to summarize and explain what they expect the evidence will--or will not--prove.

Although you should carefully consider the statements and arguments of the lawyers, you should also keep in mind that nothing the lawyers say or argue--or, for that matter, anything I say--is "evidence." Rather, the evidence consists of the testimony of witnesses and any documents or other tangible items which are admitted into evidence. It is solely this evidence, and any logical or "common sense" inferences you draw from the evidence, on which you should base your verdict.

As judges of the facts, it is up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness' testimony to accept or reject. This part of a jury's responsibility is referred to in the law as determining "the credibility" of witnesses.

Among the factors you may properly consider in deciding whether a particular witness is "credible" (or believable) are: (1) whether the witness has any motive or reason for being either truthful or untruthful; (2) any interest the witness may have in the outcome of the case; (3) whether there is any appearance or indication of bias or prejudice in the witness' conduct or testimony; (4) the extent to which other evidence

supports or contradicts the testimony; and (5) whether the witness is likely to recall or have knowledge of the facts about which he or she is testifying.

Since the government has the burden of proof, it will present its evidence first. Because the defendant is presumed innocent, a defendant's decision not to put on evidence or to testify should not be considered in reaching your verdict. However, if the defendant chooses to put on evidence, he will do so after the government has closed its "case in chief." In some but not all cases, further "rebuttal evidence" may also be offered.

At the close of the evidence, you will hear again from the lawyers. This is called "closing argument." At that point, the lawyers are permitted to argue (within certain limits) what they believe the evidence has or has not proven.

Following the closing arguments, I will again instruct you on the law governing this case and on your remaining duties as jurors. These comments are known as "final instructions." After the final instructions, you will retire to the jury room, choose a foreperson, and do your best to reach a unanimous verdict.

Finally, before our opening statements, I will mention several principles and rules you should keep in mind throughout the trial:

First, you have heard the term "reasonable doubt" several times during these preliminary instructions. I will explain this in greater detail in a few moments.

Second, during the course of the trial you should avoid contact with any witness, any defendants, any lawyer, or anyone else who may have an interest in the outcome of this case. Do not talk or have any other communication with them. Because you may not know whether a particular person in the courthouse falls into one of these categories, please remain in the jury room during breaks and do not linger or speak to anyone in the

courthouse you do not know.

Third, during the trial you should not speak with anyone about the charges, the evidence, or anything else associated with the trial. This includes your family, friends, and those with whom you work. It also includes your fellow jurors. To avoid reaching premature conclusions, you should refrain from case-related discussions with one another until all the evidence is received, "final instructions" are given, and you are sent to the jury room to deliberate.

Fourth, during the trial you will hear and receive all evidence which may be properly considered in reaching your verdict. Therefore, no juror should attempt to gather information, investigate, or do anything else to learn about the case outside the properly admitted evidence. For the same reason, you should also avoid exposure to media coverage of the charges or trial (if there is any) until after your verdict is rendered.

Fifth, during the trial a lawyer may make an objection to a question asked by another lawyer, an answer given by a witness, or to the admission of certain evidence. This simply means that the lawyer is asking me to decide whether the testimony or other evidence is proper under the law. You should not draw any conclusion from such objections--or from how I rule or what I say in ruling. You should not conclude, for example, that I believe a defendant is or is not guilty of a particular charge. Nor, if an objection is sustained and an answer or other evidence is therefore not allowed, should you consider what that answer or evidence might have shown if it had been allowed.

Sixth, during the course of the trial I may choose to question a witness from time to time. If I do, you should not conclude that I have any opinion about the relevant facts or about the credibility of that particular witness. Rather, you the jury are the finders of

fact and, as I have instructed, it is up to you to decide whether or not particular evidence

or a particular witness is credible.

Authority: Horne, Carl III, <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>, 2016 ed., § 1.01. (2016).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2
## INSTRUCTIONS NOT TO DISCUSS CASE

It is important that your verdict be based on all the evidence, and only on the evidence. Therefore, I instruct you not to discuss the case with anyone, even among yourselves--and do not permit anyone to discuss the case or any of the evidence with you--until you retire to the jury room at the end of the trial to deliberate on your verdict.

Authority: Horne, Carl III, <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>, 2016 ed., § 1.03. (2016).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3</u>
<u>NOTE-TAKING BY JURORS</u>

At the end of the trial you must make your decision--that is, you must reach your verdict--based on your recollection of the evidence and in light of the instructions you have been given.  You will not have a written transcript to consult, and it may not be practical for the court reporter to read or play back lengthy testimony. Therefore, you should pay close attention as the testimony and evidence is received.

Note-taking by jurors is permitted, although not required. If you choose to take notes, please keep them to yourself until the trial is over and you have been sent to the jury room to deliberate.  And please do not let note-taking distract you or your fellow jurors from carefully listening to the testimony and considering any other evidence as it is admitted.

If you choose to take notes, courtroom security personnel will insure that the notes are safe and secure during recesses and when you leave the courthouse each afternoon.

Authority: Horne, Carl III, <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>, 2016 ed., § 1.04. (2016).

11

### DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4
### INTRODUCING OPENING STATEMENTS

And now, with these preliminary instructions in mind, please listen carefully to the opening statements.

We will begin with the attorney for the government, then we will hear from the defendants' lawyers. Remember, comments and statements of the lawyers may be helpful, but they are not evidence.

Authority: Horne, Carl III, <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>, 2016 ed., § 1.05. (2016).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO.5</u>
<u>VERDICT-ELECTION OF FOREPERSON-DUTY TO DELIBERATE-UNANIMITY</u>
<u>COMMUNICATION WITH THE COURT</u>

Upon retiring to your jury room to begin deliberation, you will elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in Court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous. It is your duty as jurors to consult with one another and deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself or herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return. What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you, you are the sole judges of the facts.

13

A verdict form has been prepared for your convenience. You will take this form to the jury room, and when you have reached unanimous agreement as to your verdicts, you will have your foreperson write your verdicts, date and sign the form, and then return with your verdicts to the courtroom. If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by a means other than a signed writing and the Court will never communicate with any member of the jury on any subject touching on the merits of the case other than in writing or orally here in open court.

Bear in mind also that you are never to reveal to any person—not even the Court—how the jury stands, numerically or otherwise, on the question of whether or not the Government has sustained its burden of proof until after you have reached unanimous verdict.

Authority: Devitt and Blackman, <u>Federal Jury Practice and Instructions</u>, 4th ed, § 20.01, 1992 (unmodified)

14

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO.6
## THE GOVERNMENT AS A PARTY

You are to perform the duty of finding the facts without bias or prejudice as to any party. You are free to perform your final duty in an attitude of complete fairness and impartiality.

The case is important to the Government, for the enforcement of criminal laws is a matter of prime concern to the community. Equally, it is important to the defendant, who is charged with serious crimes.

The fact that the prosecution is brought in the name of the United States of America entitles the Government to no greater consideration than that accorded to any other party to the litigation. By the same token, it is entitled to no less consideration. All parties, whether Government or individuals, stand as equals at the bar of justice.

The question before you can never be: will the Government win or lose the case? The Government always wins when justice is done, regardless of whether the verdict is guilty or not guilty.

Authority: Potuto, Saltzburg, Perlman, Federal Criminal Jury Instructions, 2nd ed. 1993).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7
EACH ELEMENT MUST BE ESTABLISHED BEYOND A REASONABLE DOUBT

Unless the government proves beyond a reasonable doubt that the defendant has committed every element of the offense with which he is charged, you must find him/her not guilty.

Authority: Devitt and Blackmar, Federal Jury Practice and Instructions, 3rd ed., § 11.15 (1977).

Case 4:20-cr-00115-FL   Document 31   Filed 06/14/21   Page 16 of 44

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8</u>
<u>PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,</u>
<u>REASONABLE DOUBT</u>

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify. The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.

Authority: United States of America v. Walton, 207 F.3d 694, 697-699 (4th Cir. 2002), (*en banc*)

17

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9</u>
<u>OBJECTION AND RULINGS</u>

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.

Authority: O'Malley, Grenig, and Lee, Federal Jury Practice and Instructions-Criminal, 5th ed., § 11.03 (2006).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10
## WITNESS WITH INTEREST IN OUTCOME

In evaluating credibility of the witnesses, you should take into account any evidence that the witness who testified may benefit in some way from the outcome of this case. Such an interest in the outcome creates a motive to testify falsely and may sway the witness to testify in a way that advances [his/her] own interests. Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony and accept it with great care.

This is not to suggest that every witness who has an interest in the outcome of a case will testify falsely. It is for you to decide to what extent, if at all, the witness' interest has affected or colored his or her testimony.

Authority: 1 L. Sand, et al., Modern Federal Jury Instructions – Instruction #7-3.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO.11</u>
<u>MISSING WITNESS(ES)</u>

If you determine that a party had it within his or her power to produce a witness whose testimony would have clarified [a] relevant issue(s), the fact that he does not produce that witness "creates the presumption that the testimony, if produced, would [be] [have been] unfavorable."

Authority: Horne, Carl III, <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>, 2016 ed., § 4.10. (2016).

DEFENDANT'S PROPOSED JURY INSTRUCTION NO.12
EXPERT TESTIMONY

You have heard testimony of what we call [an] "expert witness(es)."

If scientific, technical, or other specialized knowledge might assist a jury in understanding the evidence or determining a relevant fact, the law permits an "expert" to testify and state an opinion concerning such matters.

However, merely because someone is qualified as an expert and offers an expert opinion does not require you to accept that opinion. Just as with any other witness, it is solely within your responsibility as jurors to decide whether or to what extent an expert's testimony is credible.

In assessing the credibility of expert testimony, you should consider whether the witness' training and experience are sufficient to support the testimony in question. You should also consider whether the expert's opinions were based on adequate information, sound reasoning, and good judgment.

Authority: Horne, Carl III, Horn's Federal Criminal Jury Instructions for the Fourth Circuit, 2016 ed., § 4.11. (2016).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO.13
## STANDARD LIMITING INSTRUCTION

You have [heard] [received] evidence that [briefly describe evidence]. This evidence is allowed for a limited purpose, that is, [state purpose]. Because this evidence was only admitted for this limited purpose, you should not consider it to prove any other fact or for any other purpose.

Authority: Horne, Carl III, Horn's Federal Criminal Jury Instructions for the Fourth Circuit, 2016 ed., § 4.12. (2016).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO.14</u>
<u>DEFENDANT'S ELECTION NOT TO TESTIFY [OR PUT ON EVIDENCE]</u>

Because the burden is on the government to prove the defendant guilty, he has relied on this "presumption of innocence" and chosen not to testify [or put on evidence].

As I have instructed, a defendant's decision not to testify [or put on evidence] should not be considered--and certainly must not be held against him--in reaching your verdict.

Authority: Horne, Carl III, <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>, 2016 ed., § 4.18. (2016).

23

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO.15
## IMPEACHMENT BY PRIOR CONVICTION OR CHARGES

You have [heard] [received] evidence that the defendant has been previously convicted or charged with a crime [certain crimes].

This evidence was offered for the sole purpose of challenging the credibility of the defendant's testimony in this case. You should not conclude, however, that because the defendant may have committed a [crime] [crimes] in the past, that he is more likely to have committed the crime(s) with which he is currently charged.

Of course, evidence that one of the defendants in this case may have committed a crime [crimes] in the past should not be considered in any way in determining the guilt or innocence of any other defendant.

Authority: Horne, Carl III, Horn's Federal Criminal Jury Instructions for the Fourth Circuit, 2016 ed., § 4.19. (2016).

24

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO.16</u>
<u>JUDGE QUESTIONS WITNESS(ES)</u>

During the trial I chose to question a [certain] witness(es). You should not conclude that I had, or have, an opinion about the relevant facts or about the credibility of that particular witness. Rather, as I have instructed, you the jury are the "finders of fact" and it is you alone who must decide whether or not particular evidence or a particular witness is credible.

Authority: Horne, Carl III, <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>, 2016 ed., § 4.20. (2016).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO.17A</u>
<u>DEFINITION OF "KNOWINGLY"</u>

Throughout these instructions, you will be instructed that in order to sustain its burden of proof, the government must prove that the defendant acted "knowingly." A person acts "knowingly" if he or she acts intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness. Whether the defendant is acting knowingly may be proven by the defendant's conduct and by all the facts and circumstances of the surrounding case.

Authority: 1-3A Modern Federal Jury Instructions – Criminal, Instruction No. 3A-1.

DEFENDANT'S PROPOSED JURY INSTRUCTION NO.17B
DEFINITION OF "WILLFULLY"

"Willfully":   The word "willfully," as used in the indictment [and in these instructions], means that an act was committed voluntarily and on purpose--again, not by mistake or accident.

Authority: Horne, Carl III, Horn's Federal Criminal Jury Instructions for the Fourth Circuit, 2016 ed., § 4.46(c). (2016).

Case 4:20-cr-00115-FL   Document 31   Filed 06/14/21   Page 27 of 44

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO.17C
## DEFINITION OF "REASONABLE DOUBT"

"Reasonable Doubt":  You have been instructed that the government must prove all elements of the charged offenses "beyond a reasonable doubt."  The law presumes that "reasonable doubt" is a concept within the ordinary competence of a jury, that is, that you will be able to apply reasonable doubt according to its plain, ordinary, and everyday meanings. Therefore, I will not define any further what is--or is not--a "reasonable doubt.

Authority: Horne, Carl III, Horn's Federal Criminal Jury Instructions for the Fourth Circuit, 2007 ed., § 4.46(e). (2007).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18</u>
<u>BIAS AND HOSTILITY</u>

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some Government witnesses may have towards the defendant.

Evidence that a witness is biased, prejudiced or hostile toward the defendant requires you to view the witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

Authority: Sand & Siffert, et al., <u>Modern Federal Jury Instructions</u>, § 7.01, Instruction 7-2 (1987)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19
## CREDIBILITY OF ORDINARY WITNESS

You heard a number of witnesses testify. You must decide whether to believe a witness and how much to rely on the witness' testimony. You should consider anything that reasonably helps you to evaluate the testimony. Among the things you may consider are the following:

1. The witness' appearance, attitude, and behavior on the stand, and the way the witness testified;

2. The witness' age, intelligence, and experience;

3. The witness' opportunity and ability to see or hear the things about which the witness testified;

4. The accuracy of the witness' memory;

5. Any motive of the witness to tell or not to tell the truth;

6. Any interest or disinterest a witness might have in the outcome of the case;

7. Any bias of the witness;

8. Opinion or reputation evidence about the witness' truthfulness or untruthfulness;

9. Prior criminal convictions of the witness;

10. Prior statements by the witness that were inconsistent or consistent with the testimony given at trial;

11. Prior actions of the witness that suggest truthfulness or untruthfulness; and

12. The internal consistency of the witness' testimony and its support or contradiction by other evidence.

If you believe that part of what a witness testified to was false, you may choose to

30

distrust other parts also, but you are not required to do so. Inconsistencies and contradictions in a witness' testimony, or between the testimony of one witness and another, do not necessarily mean that a witness is lying. Memory failures and mistaken memories are common and may explain some inconsistencies and contradictions. And it is common for two honest people to witness the same event and to see or hear things differently. It may be helpful when you evaluate inconsistencies and contradictions to consider whether they relate to important or unimportant facts.

You may believe all, part, or none of the testimony of any witness. You need not believe the testimony of a witness even though it is uncontradicted. You need not accept testimony as true simply because a number of witnesses agree with each other. You may decide that even unanimous testimony of witnesses is erroneous. But you should act reasonably in deciding whether to reject uncontradicted testimony. When witnesses are in conflict, you need not accept the testimony of the greater number of witnesses. You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a greater number.

Authority: Potuto, Saltzburg and Perlman, <u>Federal Criminal Jury Instructions</u>, 2nd Edition (1993)

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20</u>
<u>LAW ENFORCEMENT WITNESS</u>

You have heard the testimony of law enforcement officials. The fact that a witness may be employed by the federal government as a law enforcement official, or some other state or government federal agency, does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether or not to accept the testimony of the law enforcement witness and how much weight, if any, to give that testimony.

Authority: Sand and Siffert, <u>Modern Federal Jury Instructions</u>, Instruction 7-16, (1986) (modified)

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21</u>
<u>CAUTION--CONSIDER ONLY CRIME CHARGED</u>

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crimes charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you concerned with the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

Authority: U.S. Fifth Circuit Judges Association, <u>Pattern Jury Instructions</u>, 5th Cir., § 1.10 (2001)

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22</u>
<u>THE INDICTMENT IS NOT EVIDENCE</u>

An indictment is but a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

Defendant has pled "Not Guilty" to all counts of the indictment and, therefore, denies that he is guilty of these charges.

Authority: O'Malley, Grenig, and Lee, <u>Federal Jury Practice and Instructions-Criminal</u>, 5th ed., § 13.04 (2003).

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23</u>
<u>COUNT ONE</u>

The indictment charges the defendant with willfully and knowingly embezzling, purloining, and stealing property of the United States, that is, various articles belonging to the United States military, of a value exceeding $1,000.00, with intent to convert said property to his own use, in violation of Title 18, United States Code, Section 641.

Title 18 United States Code, Section 641 provides in part that:

"Whoever embezzles, steals, purloins, or knowingly converts to his use or the use of another, or without authority, sells, conveys, or disposes of any record, voucher, money, or thing of value of the United States or of any department or agency thereof, or any property made or being made under contract for the United States or any department or agency thereof [shall be guilty of a crime against the United States]."

In order to prove the defendant guilty of the offense charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the money or property described in the Indictment belonged to the United States government;

Second, that the defendant stole that property;

Third, that the defendant acted knowingly and willfully with the intent to deprive the government of the use and benefit of its property;

and, Fourth, that the value of the property was greater than $1,000.00

First Element – Property or Money Belonged to the United States

The first element the government must prove beyond a reasonable doubt is that the property described in the Indictment belonged to the United States government.  To satisfy this element, the government must prove that the property the defendant allegedly

35

stole was "a thing of value of the United States."  That means that at the time the property was allegedly stolen the United States government or an agency of the United States government had either title to, possession of or control over the property.  The government is not required to prove that the defendant knew that the property was a "thing of value to the United States."

Second Element – Defendant Stole Property

The second element the government must prove beyond a reasonable doubt is that the defendant stole that property.

To steal property means to take someone else's property without the owner's consent with the intent to deprive the owner of the value of that money or property.

Third Element – Intent

The third element the government must prove beyond a reasonable doubt is that the defendant acted knowingly and willfully with the intent to deprive the government of the use and benefit of its property permanently.

To act "knowingly" means to act intentionally and voluntarily, and not because of ignorance, mistake, accident, or carelessness.

To act "willfully" means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or disregard the law.  Whether the defendant acted "knowingly" and "willfully" may be proven by the defendant's conduct and by all of the circumstances surrounding the case.

Fourth Element – Value of Property

The fourth and final element the government must prove beyond a reasonable

doubt is that the value of the property allegedly stolen was greater than $1,000.00.

The word "value" means face, par or market value, or cost price, either wholesale or retail, whichever is greater. "Market value" means the price a willing buyer would pay a willing seller at the time the property was stolen.

In determining the value of the property stolen, you may consider the aggregate or total value of the property referred to in the Indictment. If you find that the value is $1,000 or less, then you must find the defendant not guilty. On the other hand, if you find the aggregate value to be greater than $1,000, then this element is satisfied.

Authority: Matthew Bender & Company, <u>Modern Federal Jury Instructions-Criminal</u> (2005), Form Instructions 23A 1-5 (modified).

<u>DEFENDANT'S PROPSED JURY INSTRUCTION NO. 24</u>
<u>COUNT TWO</u>

The indictment charges the defendant with knowingly possessing stolen firearms, that is, five (5) P229R Sig Sauer pistols, five (5) P239 Sig Sauer pistols, and seven (7) Remington 870 shotguns, which had been shipped and transported in interstate commerce, knowing and having reasonable cause to believe the firearms were stolen, in violation of Title 18, United States Code, Sections 922(j) and 924(a)(2).

The relevant statute on this subject is section 922(j) of Title 18 of the United States Code, which provides:

It shall be unlawful for any person to possess any stolen firearm or stolen ammunition which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

In order to prove the defendant guilty of the offense charged in the indictment, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant possessed the firearms described in the indictment;

Second, that at the time the defendant possessed them, the firearms were stolen;

Third, that the defendant acted knowingly;

and, Fourth, that the firearm had at some time traveled in interstate commerce.

First Element – Possession of a Firearm

The first element that the government must prove beyond a reasonable doubt is that the defendant possessed (or received or concealed or stored or bartered or sold or

disposed of) a firearm as alleged in the indictment.

A "firearm" is any weapon that will or is designed to or may be readily converted to expel a projectile by the action of an explosive. The term also includes the frame or receiver of any such weapon, or any firearm silencer or muffler, or destructive device.

To "possess" means to have something within a person's control. This does not necessarily mean that the defendant must hold it physically, that is, have actual possession of it. As long as the firearm is within the defendant's control, he possesses it. If you find that the defendant either had actual possession of the firearm, or that the had the power and intention to exercise control over it, even though it was not in his physical possession, you may find the government has proven possession.

The law also recognizes that possession may be sole or joint. If one person alone possesses it, that is sole possession. However, it is possible that more than one person may have the power and intention to exercise control over the firearm. This is called joint possession. If you find that the defendant had such power and intention, then he possessed the firearm under this element even if he possessed it jointly with another. Proof of ownership of the firearm is not required.

Second Element – Stolen Firearm

The second element the government must prove beyond a reasonable doubt is that the firearm was stolen at the time the defendant possessed (or received or concealed or stored or bartered or sold or disposed of) it.

Third Element – Defendant Acted Knowingly

The third element the government must prove beyond a reasonable doubt is that the defendant acted knowingly.

39

To satisfy this element, you must find that the defendant knowingly possessed the firearm. This means that he possessed the firearm purposely and voluntarily, and not by accident or mistake. It also means that he knew that the weapon was a firearm, as we commonly use that word. However, the government is not required to prove that the defendant knew he was breaking the law.

In addition to proving that the defendant knowingly possessed the firearm, the government must also prove that the defendant knew or had reasonable cause to believe that the firearm was stolen.

Fourth Element – Firearm Transported in Interstate Commerce

The fourth element the government must prove beyond a reasonable doubt is that at some time in the past the firearm had been shipped or transported in interstate or foreign commerce.

This requires the government to prove that the firearm had been shipped or transported between one state and another state, or between the United States and another country.

It is not necessary for the government to prove that the defendant had any involvement in the shipping or transportation of the firearm, or that the defendant knew that the firearm had previously been shipped or transported in interstate commerce. It is also not necessary that the firearm had been stolen at the time that it was transported in interstate commerce.

Authority: Matthew Bender & Company, Modern Federal Jury Instructions-Criminal (2021)

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25
## CONSIDER EACH COUNT SEPARATELY

Although these counts have been grouped for purposes of these instructions, you must remember that each count is separate and distinct. Accordingly, you must consider each count and the evidence pertaining to it independently of the other counts and the evidence pertaining to them. The fact that you may find Mr. Fedak guilty or not guilty as to one of the counts should not control your verdict as to any other count.

<u>DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26</u>
<u>THE VERDICT</u>

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinions, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are not partisans.  You are judges – judges of the facts.  Your sole interest is to seek the truth from the evidence in the case.

Authority: § 18.01 Devitt and Blackmar, Volume I, pg. 576-77 [Verdict: Unanimous Duty to Deliberate].

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28
## CONCLUDING FINAL INSTRUCTIONS/SENDING JURY TO DELIBERATE

This concludes my final instructions. It is now time for you to return to the jury room to deliberate and, hopefully, to reach a unanimous verdict.

The first thing you should do, before you begin your deliberations, is to choose a foreperson. The foreperson has the same vote as each of you, but will also preside over your deliberations.

If you need to communicate with me during your deliberations, your foreperson should write your question or request and give it to the Deputy Marshal [Courtroom Security Officer].

Should you need to communicate with me, please do not tell me how you stand numerically as to your verdict.  For example, do not tell me that a certain number favor conviction and another number favor acquittal.

You will be given a verdict form.  Assuming you reach a unanimous verdict--and I remind you that your verdict must be unanimous--please record it on the form and advise the Deputy Marshal [Courtroom Security Officer] that you have reached a verdict. Do not tell anyone what that verdict is.

Once you have reached a verdict, we will return to the courtroom where the verdict will be announced.

During the trial various items were admitted into evidence.  These are sometimes referred to as the Government's or the defendant's "exhibits."  If during your deliberations you would like to have any of the items or exhibits in the jury room, your foreperson should send me a note asking for them.

Ladies and gentlemen of the jury, thank you for your patience, attentiveness, and

Case 4:20-cr-00115-FL   Document 31   Filed 06/14/21   Page 43 of 44

continuing service. You will now retire to the jury room to select your foreperson and

deliberate on your verdict.

Authority: Horne, Carl III, <u>Horn's Federal Criminal Jury Instructions for the Fourth Circuit</u>, 2016 ed., § 4.47. (2016).