IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

NO. 4:20-CR-115-FL

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| PATRICK J. FEDAK, ) | |
| ) | |
| Defendant. ) | |

This matter came before the court on April 4, 2022, for Rule 17.1 pretrial conference. Defendant appeared through counsel, Lauren Harrell Brennan, and the government appeared through counsel, Barbara D. Kocher and Mark J. Marsella. Lee Meeks, United States Probation Officer, also was present. The third-party custodian was in attendance, too. The court memorializes as follows its rulings at conference.

The parties requested that the court set the case for another Rule 17.1 pretrial conference, in approximately 60 days, to allow them to continue to discuss potential resolution of the case by agreement. The court inquired of the parties whether that additional time is necessary, and asked the government, additionally, whether the best interests of the public in a speedy trial also are served by such continuance. Satisfied with the responses made, the court allowed the joint request and set the case for Rule 17.1 pretrial conference at noon Tuesday, June 14, 2022, upon finding that the ends of justice served by this continuance outweigh the best interests of the public and the defendant in a speedy trial.

The court also considered and discussed matters pertaining to defendant's performance while on pre-trial release. In light of report by the government and the probation office of potential

presence of firearm accessories, parts, and/or ammunition, which may be located in storage units accessible to defendant, the court added to the responsibilities of third-party custodian Matthew Chambers ("Chambers") that he accompany defendant to any storage unit or other place where defendant may seek to retrieve items to be used to furnish his place of residence, and ensure that such contraband not be removed, including through inadvertence, when furniture or other items are brought to the dwelling. Mr. Chambers orally agreed to this duty. The court is appreciative of his assistance.

The court directed the probation officer to notify the supervising probation office in the Middle District of North Carolina of this new responsibility of the third-party custodian. Provision of a copy of this order will suffice.

SO ORDERED, this the 4th day of April, 2022.

LOUISE W. FLANAGAN
United States District Judge