UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

---

UNITED STATES OF AMERICA,

Plaintiff,

-vs- Case No. 4:20-CR-115-FL-1

PATRICK J. FEDAK,

Defendant.

---

ARRAIGNMENT
OCTOBER 13, 2021
THE HONORABLE ROBERT B. JONES, JR.
UNITED STATES MAGISTRATE JUDGE

**A P P E A R A N C E S**

On Behalf of the Government

**JOHN P. NEWBY**
**United States Attorney's Office - EDNC**
**150 Fayetteville Street, Suite 2100**
**Raleigh, North Carolina 27601**

On Behalf of the Defendant

**GUY DIXON SMITH**
**Greene, Wilson, Crow**
**401 Middle Street**
**New Bern, North Carolina 28563**

Risa Kramer, RMR, CRR
Official Court Reporter
United States District Court
Wilmington, North Carolina

TRANSCRIPT OF PROCEEDINGS

(Proceedings commenced at 1:41 p.m.)

THE COURT: Good afternoon, ladies and gentlemen. I am United States Magistrate Judge Robert Jones, and we are here today in the United States District Court for the Eastern District of North Carolina at New Bern for arraignments in felony criminal cases. I'd like to call the calendar. If counsel would advise of the status of each case that's called as well as the anticipated plea in each case that's going forward this afternoon.

First case is Patrick Fedak, 4:20-cr-115.

MR. SMITH: Good afternoon, Your Honor. Guy Smith on behalf of Mr. Fedak. That will be a not guilty plea.

(Other cases were called by the Court.)

THE COURT: Mr. Newby, are you here for the United States in each of these cases?

MR. NEWBY: Yes, sir, Your Honor. Good afternoon.

THE COURT: Good afternoon. Are there any victims in these cases?

MR. NEWBY: No, sir, Your Honor.

THE COURT: Okay.

MR. NEWBY: Well, not present. There would

be...

THE COURT: I should say are there any and, if so, have they been notified, and if so, do any wish to be heard this afternoon?

MR. NEWBY: None that wish to be heard, Your Honor.

THE COURT: All right. Thank you.

All right. I'd like to ask each of the defendants appearing before the Court this afternoon to listen carefully to the following information. This information will be an important part of your case. You may be called upon this afternoon to make decisions in your cases based on the following.

You are here because a bill of indictment has been returned against you by the grand jury charging you with the violation of one or more federal criminal laws. You have certain rights as relate to these charges, and I'm going to explain those rights to you.

As explained to you at your initial appearance, you have the right to remain silent, you have the right to be represented by an attorney and, if necessary, to have the Court appoint an attorney to represent you in your case, including at a trial. You have the right to a trial by jury, and at such a trial, you are presumed to be innocent. You do not have to

prove anything. Instead, the burden is upon the government through its attorneys and agents to prove you guilty by competent evidence and beyond a reasonable doubt.

The method for the government to do this is to call its witnesses who would testify under oath in front of you, in front of a jury, and in front of the presiding district judge. You, through your lawyer, will then have the right to cross-examine those witnesses and to object to any evidence you deem to be legally improper.

You would also have the right to use the subpoena power of this Court to bring to court witnesses who may be favorable to you and to have these witnesses testify under oath. You also may elect to take the witness stand and testify under oath, but only if you wish to do so. No one can force you to take the witness stand and testify if you do not want to. If you choose not to testify, the fact that you do not testify cannot be held against you, and the district judge will instruct the jury accordingly.

If you plead guilty to an offense this afternoon, you will waive your right to a trial by jury and the rights that I've just mentioned other than your right to an attorney. You also will have to waive your

right not to incriminate yourself because I cannot accept your plea of guilty as to a particular offense or offenses unless you admit in open court your guilt as to that particular offense or offenses.

By pleading guilty to a felony offense or being convicted by a jury and adjudicated guilty of the felony offense, you may lose certain valuable civil rights such as the right to possess any kind of firearm, the right to serve on a jury, the right to hold public office, and the right to vote.

If you plead guilty or are found guilty at trial, you may be ordered to make restitution in money or services to the victims of your crime if they are identifiable. In certain cases, you may be required to forfeit property to the United States government.

If your offense involves fraud, you may be required to provide notice of your conviction to the victims of your crime. In addition, if you are not a United States citizen, if convicted, you may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

As required by the law, a special assessment or monetary amount of $100 for each felony offense or count to which you plead guilty or are found guilty at trial will be imposed against you. This special

assessment of $100 per count will be in addition to and on top of any fine that may also be imposed.

You may be given a term of supervised release following any actual term of incarceration that is imposed. Supervised release is similar to what you may know as probation. The term of supervised release in each individual case can range anywhere from one year up to life based upon your individual criminal history and the offense.

Supervised release would require you to report to your assigned probation officer from time to time and to comply with any court-imposed or directed instructions. If you violate supervised release conditions, you may be required to serve an additional time of incarceration.

The United States Sentencing Commission has established advisory guideline ranges for all federal crimes. Although the district judge is no longer required to specifically follow the guidelines in sentencing you, he or she is required to calculate the advisory guideline for your offense or offenses. The district judge will then consider that guideline range as well as other relevant factors that are set forth in Title 18 of United States Code Section 3553(a) before imposing a sentence. The district judge has the

authority in some circumstances to depart upward or downward from that advisory guideline range and will also examine other statutory sentencing factors under 18 U.S. Code Section 3553(a) that may result in a sentence that is either greater or lesser than the advisory guideline sentence.

If the district judge imposes a sentence outside the guideline range, he or she is required to explain on the record at the time of sentencing his or her reasons for imposing a sentence outside the guidelines.

Under some circumstances, you may have the right to appeal your sentence even though you pled guilty to the underlying crime. However, if you have waived the right to appeal your sentence in a plea agreement with the United States, that agreement may be binding upon you.

You should understand that parole has been abolished in the United States court system, so if you receive a sentence which includes an active term of incarceration, you will not be released on parole.

Regarding plea agreements, you should know that the Court is not a party to a plea agreement and does not participate in the plea agreement negotiations. However, the Court is obligated to examine carefully any

plea agreement with the government to ensure that it conforms to the objectives of sentencing.

Rule 11 of the Federal Rules of Criminal Procedure applies to the Court's consideration of plea agreements and provides as follows: In one type of a plea agreement, you or the government may request or recommend to the Court that a particular sentence or sentencing range is appropriate, or that a particular provision of the sentencing guidelines does or does not apply. Even if the Court accepts this type of a plea agreement, the Court is not required to accept the sentencing recommendation or request, and you do not have the right to withdraw your guilty plea if the Court does not follow the sentencing recommendation or request.

On the other hand, there may be plea agreements in which the government agrees not to bring or will move to dismiss other charges on which you and the government agree to a specific sentence, sentencing range, or to the applicability of a particular provision of the sentencing guidelines.

If the Court accepts this type of a plea agreement, then those terms that the parties have agreed upon are binding on the Court, and that agreed-upon disposition will be included in the judgment unless otherwise directed by the plea agreement. However, if

the Court does not accept this type of a plea agreement, the defendant will have the opportunity to withdraw his or her plea. If the defendant does not withdraw the plea, however, the Court is not required to follow the plea agreement and may dispose of the case less favorably toward the defendant than the plea agreement had provided.

A written presentence report will be prepared by the probation office to assist the district judge in sentencing. You will be asked to give information for this report, and you are entitled to have your attorney present during the interview. It is important that the presentence report be accurate because it will likely determine your punishment range. After that report has been prepared, you and your attorney will have an opportunity to review the report and to object to any aspects of the report you believe are inaccurate. Any objections to the presentence report must be made in writing and on a timely basis. If you do not contest the facts that are set forth in the presentence report and the Court's independent findings coincide with those facts, those facts will be accepted by the Court as correct, and the Court will rely upon them to determine the guidelines applicable to your case.

If a party seeks to argue for a sentence

which varies from the sentencing guidelines, that party shall file a written briefing in support of that position and serve a courtesy copy on the probation officer who drafted the presentence report.

At the time of sentencing, you and your attorney will have the chance to speak to the Court and to argue for a sentence that you and your attorney feel is appropriate under 18 U.S. Code Section 3553(a). While Judge Flanagan does not allow oral testimony in the nature of character evidence at the sentencing hearing, she will be happy to receive from your attorney written sentencing briefing or character letters, all of which should be provided to the Court at least one week before the day you are scheduled to be sentenced.

Finally, if there are any victims of the offenses for which you are to be sentenced, these victims will be given the chance to be heard at the sentencing hearing.

That concludes the explanation of your rights. Those cases in which a plea of guilty is entered today will be scheduled for a sentencing hearing to be held no sooner than 90 days from today before Judge Flanagan. It is anticipated that those cases will be set for her January or February term. Any case in which a plea of not guilty is entered today will have an

administrative conference call before Judge Flanagan. Counsel will be contacted by the Court to arrange the date and the time of that call as well as to provide counsel with the dial-in instructions to participate in that administrative conference call.

All right. Each defendant appearing this afternoon should know that as I take up your case to hear your plea and to address you personally, that you will be placed under oath, and if you should answer any of my questions falsely, that your answers may later be used against you in another prosecution for perjury or making a false statement.

All right. So let's see here. Sir, what is your name?

(The foregoing concluded at 1:55 p.m. Other cases were heard by the Court.)

(The following commenced at 2:41 p.m. The defendant was placed under oath.)

THE COURT: Is it Fedak? Is that how you pronounce your last name?

THE DEFENDANT: Fedak, sir.

THE COURT: Fedak? Mr. Fedak, sir, I have here in my hands a document in your case entitled "Consent to Proceed Before a Magistrate Judge." It looks like that you have signed this form and that Mr. Smith

has also signed it. Did you, in fact, sign this form, sir?

THE DEFENDANT: Yes, sir.

THE COURT: And is it your knowing and voluntary desire that for the purpose of conducting your arraignment in this case and taking your plea this afternoon, that I may conduct these proceedings as a United States Magistrate Judge?

THE DEFENDANT: Yes, sir.

THE COURT: Thank you. Please have a seat.

Now, Mr. Fedak, sir, do you understand that you are now under oath, if you should answer any of my questions falsely, that your answers may later be used against you in another prosecution for perjury or making a false statement?

THE DEFENDANT: Yes, sir.

THE COURT: What is your full name?

THE DEFENDANT: Patrick James Fedak.

THE COURT: And how old are you?

THE DEFENDANT: 38 years old.

THE COURT: How far have you gone in school?

THE DEFENDANT: Bachelor's degree.

THE COURT: Are you able to speak and understand English?

THE DEFENDANT: Yes.

THE COURT: Are you able to read?

THE DEFENDANT: Yes.

THE COURT: Are you currently or have you recently been under the care of a physician or a psychiatrist or been hospitalized or treated for narcotics addiction?

THE DEFENDANT: No.

THE COURT: Have you taken any drugs, any medicine, any pills, or had any alcoholic beverages in the past 24 hours?

THE DEFENDANT: Yes.

THE COURT: Could you tell me what those are?

THE DEFENDANT: Duloxetine and ner- -- some other one; starts with an "N."

THE COURT: Okay. Why do you take the duloxetine?

THE DEFENDANT: So duloxetine is for nerve pain.

THE COURT: Okay. And how often do you take that?

THE DEFENDANT: Twice daily, sir.

THE COURT: And you've taken that today?

THE DEFENDANT: Yes, sir.

THE COURT: And the other medication, what's that for?

THE DEFENDANT: It's for PTSD, TBI.

THE COURT: Okay. And how often do you take that?

THE DEFENDANT: Twice daily.

THE COURT: Have you taken that as well?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Any other medication, pills, or drugs?

THE DEFENDANT: No, sir.

THE COURT: Okay. So let me ask you this: Those medications that you're taking, or the conditions for which you're taking them, do either of those affect your ability to understand the proceedings here this afternoon?

THE DEFENDANT: They do not, sir.

THE COURT: All right. Mr. Fedak, sir, have you been provided with a copy of the two charges filed against you in this case?

THE DEFENDANT: I have, sir.

THE COURT: And have you fully discussed those charges as well as your case in general with your attorney?

THE DEFENDANT: I have, sir.

THE COURT: And do you understand the charges against you?

THE DEFENDANT: I do.

THE COURT: Do you understand what is happening this afternoon?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Mr. Smith, have you had any difficulty in communicating with Mr. Fedak or any reason to doubt his mental competency in this case?

MR. SMITH: No, Your Honor.

THE COURT: Does the United States have any reason to doubt Mr. Fedak's mental competency in this case?

MR. NEWBY: No, sir, Your Honor.

THE COURT: Very good. The Court finds that Mr. Fedak is competent to appear, to understand the nature of these proceedings, and to ultimately plead in these matters.

Mr. Fedak, sir, have you had the time to and have you, in fact, discussed your case with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: And are you satisfied with Mr. Smith's advice and counsel to you in this matter?

THE DEFENDANT: I am.

THE COURT: Did you hear and understand my explanation of your rights this afternoon?

THE DEFENDANT: Yes, sir.

THE COURT: Did you understand my general explanation of how you might be sentenced in this case?

THE DEFENDANT: Yes, sir.

THE COURT: And you did receive a copy of the indictment charging you with two counts, is that correct?

THE DEFENDANT: I have, sir.

THE COURT: And you understand what you're charged with in each of those counts?

THE DEFENDANT: I do, sir.

THE COURT: Okay. Do you want me to read those counts to you out loud or do you waive the reading of them?

THE DEFENDANT: I will waive the reading, sir.

THE COURT: All right. I am required to remind you of the maximum possible penalty, not the guidelines but the maximum possible penalty for each count that you face, including any mandatory minimum penalty. Could the government please remind Mr. Fedak as to that information.

MR. NEWBY: Yes, sir, Your Honor.

As to count 1, theft or possession of U.S. property, not more than ten years imprisonment, a fine not to exceed $250,000, or both such fine and

imprisonment; not more than three years supervised release; not more than two years imprisonment upon revocation of supervised release; a 100-dollar special assessment; and restitution.

In count 2, possession of a stolen firearm, not more than ten years imprisonment, fine not to exceed $250,000, or both such fine and imprisonment; not more than three years supervised release; not more than two years imprisonment upon revocation of supervised release; a 100-dollar special assessment; and restitution.

THE COURT: Mr. Fedak, sir, do you understand the two charges filed against you in this case as well as the maximum punishment you face if found to be guilty as to those two charges?

THE DEFENDANT: I do, sir.

THE COURT: Mr. Smith, did the prosecutor make any formal plea offers in this case?

MR. SMITH: They have, Your Honor.

THE COURT: And those were rejected, is that right?

MR. SMITH: They were, Your Honor.

THE COURT: And it's Mr. Fedak's intention to plead not guilty to each of these charges? Is that correct?

MR. SMITH: That is correct, Your Honor.

THE COURT: Is that what you wish to do, Mr. Fedak?

THE DEFENDANT: Yes, sir.

THE COURT: Okay. Let me ask you some questions before I take up your plea.

Sometimes, Mr. Fedak, defendants reject plea agreements based on their attorney's estimate of the sentence they would receive if convicted at a trial. Do you understand that regardless of what your attorney may have told you, by pleading not guilty, you are exposing yourself to the potential that if convicted, you will be sentenced to the maximum sentence allowed by the law? Do you understand that?

THE DEFENDANT: I do, sir.

THE COURT: All right. So, given the potential for you to be sentenced to the maximum sentence allowed by the law if convicted at trial, would you like to take additional time to engage in plea negotiations with the United States or to consider what you wish to do in this case?

THE DEFENDANT: I do not, sir.

THE COURT: Okay. You wish to enter your plea this afternoon, is that correct?

THE DEFENDANT: Yes.

THE COURT: Okay. All right. Mr. Fedak, as

to count 1, how do you plead to count 1?

THE DEFENDANT: Not guilty.

THE COURT: All right. Mr. Fedak, as to count 2, how do you plead to count 2?

THE DEFENDANT: Not guilty.

THE COURT: All right. Mr. Fedak, your pleas of not guilty are received by the Court.

Counsel will be contacted by the Court in the very near future to arrange the date and the time of an administrative conference call and to provide counsel with the dial-in instructions to participate in that conference call with the district court.

Anything further regarding Mr. Fedak's case?

MR. SMITH: No, Your Honor.

MR. NEWBY: No, sir, Your Honor.

THE COURT: All right. Thank you very much.

(Proceedings concluded at 2:48 p.m.)

**C E R T I F I C A T E**

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

/s/Risa A. Kramer 3/21/2023

Risa A. Kramer, RMR, CRR Date