```
 1                 UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NORTH CAROLINA
 2                       EASTERN DIVISION

 3

 4   UNITED STATES OF AMERICA,-  Docket No. 4:20-cr-115-FL-1
                                -
 5       Plaintiff,              -  New Bern, North Carolina
                                -  April 4, 2022
 6          v.                  -  Pretrial Conference
                                -
 7   PATRICK FEDAK,             -
                                -
 8       Defendant.              -
     ---------------------------------
 9
                TRANSCRIPT OF PRETRIAL CONFERENCE
10         BEFORE THE HONORABLE LOUISE WOOD FLANAGAN
                  UNITED STATES DISTRICT JUDGE.
11
     APPEARANCES:
12
     For the Plaintiffs:  United States Attorneys' Office
13                        By:  Barbara D. Kocher
                          150 Fayetteville Street, Suite 2100
14                        Raleigh, NC 27601
                          (919) 856-4500
15
     For the Defendant:   Federal Public Defender
16                        By: Lauren Harrell Brennan
                          150 Fayetteville St., Suite 450
17                        Raleigh, NC 27611-5967
                          (919) 856-4236
18
     Court Reporter:      Tracy L. McGurk, RMR, CRR
19                        413 Middle St.
                          New Bern, NC 28560
20                        (419) 392-6626

21

22

     Proceedings recorded by mechanical stenography,
23   transcript produced by notereading.

24

25
```

```
 1                  (Commenced at 9:43 a.m.)
 2                  THE COURT: Good morning. Mr. Fedak, this
 3     case comes before the Court again for what's called a
 4     pretrial conference, and this seemed the appropriate
 5     vehicle to bring the parties back together today. It
 6     gives the Court the opportunity to reflect on your
 7     performance under supervision of the United States
 8     Probation Office, and it gives the Court the opportunity
 9     to reflect on what the needs of the case are and
10     establish an appropriate schedule going forward.
11                  We have, of course, this new charge:
12     Obstruction. And I'm prepared, if it is the defendant's
13     desire, to arraign him on that.
14                  But perhaps we might start somewhat
15     informally, and I would just invite both sides to bring
16     to my attention what you think is appropriate to discuss
17     here today. And I'll start with Ms. Kocher.
18                  You can stay seated in deference to the fact
19     that we continue to wear masks. Just keep that
20     microphone front and center.
21                  MS. KOCHER: Thank you, Your Honor. From
22     the government's perspective, we have been discussing
23     potential resolutions with the defendant, and I think
24     together our request of the Court is to set out a status
25     hearing perhaps -- or it may, in fact, be a change of
```

<...>

```
00:21:15  1   plea hearing -- some 60 days.  I apologize for not
00:21:22  2   remembering the month that counsel had recommended to
00:21:25  3   me.
00:21:25  4              MS. BRENNAN:  That's correct, Your Honor.
00:21:27  5   We think a status conference which will likely turn into
00:21:29  6   a change of plea hearing sometime in June would be
00:21:32  7   appropriate.
00:21:33  8              THE COURT:  Is there any need to arraign
00:21:37  9   your client and take any kind of a plea today on the
00:21:43  10  third count?  Is there any time issue?  Is there any
00:21:49  11  sensitivity to the fact that it lingers out there?
00:21:53  12             MS. BRENNAN:  I don't think so, Your Honor.
00:21:54  13  I believe that once we reach a resolution it will
00:21:57  14  include that count being resolved with any plea
00:22:02  15  agreement.
00:22:02  16             And he would waive any type of speedy --
00:22:06  17  we've discussed his rights under the Speedy Trial Act.
00:22:08  18  He waives any right to a speedy trial on the first two
00:22:14  19  counts and the third count.
00:22:15  20             THE COURT:  I will focus on that then for
00:22:17  21  the record and note that what I'm hearing from the
00:22:19  22  defendant, the needs of the case and the time that you
00:22:22  23  require to prepare and negotiate what's anticipated to
00:22:29  24  be a global resolution of the case as to Counts One,
00:22:31  25  Two, and Three is such that the defendant is making a
```

request for a continuance of approximately 60 days.

MS. BRENNAN: Yes, Your Honor.

THE COURT: And the government endorses that from your perspective and your needs and the public's right to a speedy trial as well?

MS. KOCHER: That's correct, Your Honor.

THE COURT: Okay. So the time that is ticking away will be excluded, understandably, from Speedy Trial time calculations.

And so the request is really for another 17.1 conference. It's probably going to turn into a change of plea and a plea?

MS. BRENNAN: That's correct, Your Honor.

THE COURT: All right. So I have my calendar in front of me. And right now the entire week of June 6 is open. But it's very likely that one or both sides is going to be before the Court the week of the 13th, as I've got five straight days of sentencings. So if it's more convenient for you to come in one of those days, I can make room.

I think what I'll do -- well, does anyone want to be heard particularly now?

MS. BRENNAN: I do not, Your Honor. I am -- the week of the 6th is fine with me. Additionally, the week of the 13th, I would note I

```
00:24:09   1  believe I'll be unavailable the 16th and 17th of that
00:24:12   2  week.
00:24:12   3              THE COURT:  Do you want to look at 1:30 on
00:24:15   4  Monday, the 6th?  How does that work for you, Ms.
00:24:18   5  Kocher?
00:24:19   6              MS. KOCHER:  Your Honor, I was hoping for
00:24:20   7  that next week of sentencings that you had mentioned, if
00:24:24   8  counsel for defendant is all right.
00:24:25   9              THE COURT:  That next week you're
00:24:28  10  unavailable two days?
00:24:30  11              MS. BRENNAN:  Just that Thursday and Friday,
00:24:32  12  Your Honor.
00:24:32  13              THE COURT:  Well, just to give you a time
00:24:34  14  certain, I'm going to give you 12:00 noon on the 14th.
00:24:42  15  And we'll caption this a 17.1 conference, 12:00 noon
00:24:56  16  Tuesday, June 14th.
00:24:59  17              Ms. Kocher, good for you as well?
00:25:02  18              MS. KOCHER:  Yes, Your Honor.  Thank you
00:25:03  19  for that consideration.
00:25:04  20              THE COURT:  Certainly.
00:25:06  21              I understand there was an issue with Mr.
00:25:10  22  Fedak complying with a curfew.  And I know that's not
00:25:14  23  going to happen again.  And there were some mitigating
00:25:17  24  circumstances.  But I want to remind that we've got to
00:25:20  25  follow all the rules.
```

```
00:25:22   1                  Are you in your new apartment today?
00:25:25   2             THE DEFENDANT:  Yes, ma'am.
00:25:26   3             THE COURT:  How's that going?
00:25:28   4             THE DEFENDANT:  It's going, ma'am.
00:25:30   5             THE COURT:  Going.
00:25:31   6                  And the relationship between you and the
00:25:33   7   third-party custodian -- I see him here.  He's giving
00:25:36   8   two thumbs up.
00:25:37   9             THE DEFENDANT:  Yes, ma'am.  Excellent.
00:25:39  10   It was just the issue with the apartment complex.  But
00:25:42  11   we're in there now.
00:25:43  12             THE COURT:  And you're working at the
00:25:44  13   hardware store?
00:25:48  14             THE DEFENDANT:  Ma'am.
00:25:48  15             THE COURT:  Long hours, it sounds like?
00:25:50  16             THE DEFENDANT:  Yes, ma'am.
00:25:50  17             THE COURT:  But satisfying work, I'm sure.
00:25:52  18             THE DEFENDANT:  Yes, ma'am.
00:25:54  19             THE COURT:  Well, I don't see any reason to
00:25:57  20   alter the terms and conditions of your pretrial release.
00:26:04  21             Mr. Meeks, from the probation office's
00:26:07  22   perspective is there anything particular that I should
00:26:11  23   know about or address?
00:26:13  24             THE PROBATION OFFICER:  No, Your Honor.
00:26:14  25   The conversation we've had with the probation office in
```

```
00:26:17  1   the Middle District, other than what you've mentioned
00:26:19  2   about the curfew, I think everything else has resolved
00:26:23  3   itself.  I think their concern was if he was not in the
00:26:26  4   apartment by today's hearing, they wanted to make sure
00:26:29  5   that the Court addressed that.  But it sounds like they
00:26:32  6   moved his equipment yesterday.  So I think he's in
00:26:35  7   compliance with your order now.
00:26:36  8              THE COURT:  Okay.  And I was pleased to
00:26:39  9   learn that finally we've got the mental health
00:26:42 10   assessment date of April 12th; is that correct?
00:26:46 11              THE DEFENDANT:  Yes, ma'am.
00:26:46 12              THE COURT:  Good.  Good.  I think that's
00:26:49 13   very important.  And I know it's been difficult to get
00:26:53 14   that appointment.  And I'm glad to know it's coming up.
00:27:00 15              From the defendant's perspective, is there
00:27:02 16   anything that you'd like me to consider, counsel?
00:27:05 17              MS. BRENNAN:  No, Your Honor.
00:27:06 18              THE COURT:  Okay.  Ms. Kocher, is there
00:27:08 19   anything else from your side of the room?
00:27:11 20              MS. KOCHER:  Just, Your Honor, I want to
00:27:14 21   bring one matter just for the Court's awareness, not
00:27:17 22   action.  There were -- there are believed to be a
00:27:22 23   number of firearm accessories and parts and perhaps
00:27:31 24   ammunition as well, none of which I think violate the
00:27:35 25   black and white terms of the orders of release.
```

```
00:27:37   1   They're not firearms.  If Mr. Fedak were a convicted
00:27:44   2   felon, for instance, the ammunition would be
00:27:46   3   inappropriate.
00:27:47   4              But I bring it up only because -- they are
00:27:50   5   not within his residence, to my knowledge.  They're in
00:27:54   6   offsite locations.  The government has not taken action
00:28:00   7   on them because of the lack of probable cause of a crime
00:28:04   8   being committed by their presence.  But it is of
00:28:07   9   concern, particularly if those storage units would be
00:28:11  10   accessed for furniture or other belongings to furnish
00:28:16  11   the apartment.  I just wanted the Court to be aware and
00:28:19  12   perhaps put the third party on notice and even the
00:28:23  13   probation office that some type of -- I don't want to
00:28:26  14   use the word "supervision," but just awareness that
00:28:28  15   those items do exist so that everyone can be cautious
00:28:36  16   and be certain that the terms of the conditions of
00:28:39  17   release are not violated going forward.
00:28:44  18              THE COURT:  Well --
00:28:44  19              (Discussion had off the record.)
00:28:51  20              THE COURT:  Mr. Meeks, did you know about
00:28:53  21   that?
00:28:54  22              THE PROBATION OFFICER:  Your Honor, I think
00:28:55  23   there's been some concerns expressed about possible
00:29:00  24   parts.  I don't know if that has something to do with
00:29:04  25   part of the obstruction case about the parts that were
```

```
00:29:08  1  located at different areas, that sort of thing.  I
00:29:11  2  don't know exactly what are in these storage units.  I
00:29:15  3  do understand there may be some personal belongings,
00:29:18  4  furniture, those type things.  But the contents of any
00:29:22  5  storage units, I don't know -- I know our office doesn't
00:29:29  6  and I don't know if the Middle District knows exactly
00:29:31  7  what is the content of those units.
00:29:33  8           THE COURT:  Thank you.
00:29:34  9           Mr. Chambers, could you come up and stand
00:29:36 10  next to the defense attorney.  I'm going to necessarily
00:29:39 11  need to add to your responsibilities that if you are
00:29:45 12  going to be accessing these units, if Mr. Fedak is, that
00:29:50 13  you be with him.
00:29:53 14           MR. CHAMBERS:  Yes, ma'am.
00:29:54 15           THE COURT:  And that you insure that no
00:29:55 16  firearm parts come back in a desk drawer, even
00:30:00 17  inadvertently.  Because that would be a concern if a
00:30:05 18  bullet was in a drawer and it came into your apartment.
00:30:12 19           MR. CHAMBERS:  Understood.
00:30:15 20           THE COURT:  I appreciate your service.
00:30:16 21  Thank you very much.
00:30:20 22           Anything else?
00:30:22 23           MS. KOCHER:  Not for the government.
00:30:25 24           THE COURT:  Mr. Meeks, if you could let the
00:30:28 25  probation office in Greensboro know that Mr. Chambers
```

```
00:30:32   1   has that additional responsibility of being with Mr.
00:30:35   2   Fedak when these storage units might understandably need
00:30:39   3   to be accessed to bring furniture into the apartment,
00:30:43   4   and his responsibilities have been expanded by the Court
00:30:46   5   in the way I've done today with his agreement.
00:30:52   6              THE PROBATION OFFICER:  Yes, Your Honor.
00:30:53   7              THE COURT:  I will look forward to seeing
00:30:54   8   everybody at 12:00 noon on Tuesday, June 14th.  I don't
00:30:59   9   expect there to be any problems between now and then.
00:31:02  10   If there are, I'll know about it.  But things seem to
00:31:05  11   be progressing well.
00:31:07  12              And keep up with the mental health
00:31:10  13   treatment.
00:31:11  14              THE DEFENDANT:  Yes, ma'am.
00:31:11  15              THE COURT:  Thank you.
          16              (Concluded at 10:14 a.m.)
          17                         - - -
          18                    C E R T I F I C A T E
          19
          20     I certify that the foregoing is a correct transcript
          21   from the record of proceedings in the above-entitled
          22   matter.
          23
          24   /s/ Tracy L. McGurk_____             ___3/30/2023___
          25   Tracy L. McGurk, RMR, CRR                        Date
```